Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS ALVIRA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION, BRIAN M. KRZANICH, and ROBERT H. SWAN,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Elvis Alvira ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Intel Corporation ("Intel" or the

"Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Intel between July 27, 2017 and January 4, 2018, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business in this Judicial District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

Class Action Complaint for Violation of the Federal Securities Laws

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Intel securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7. Defendant Intel designs, manufactures, and sells computer, networking, and communications platforms worldwide. The Company is incorporated in Delaware and its principal executive offices are located at 2200 Mission College Blvd., Santa Clara, California. Intel's common stock is traded on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "INTC."

8. Defendant Brian M. Krzanich ("Krzanich") has been the Chief Executive Officer ("CEO") of Intel since May 16, 2013.

9. Defendant Robert H. Swan ("Swan") has been Chief Financial Officer ("CFO") and Executive Vice President of Intel since October 10, 2016.

10. Defendants Krzanich and Swan are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:
   (a) directly participated in the management of the Company;
   (b) was directly involved in the day-to-day operations of the Company at the highest levels;
   (c) was privy to confidential proprietary information concerning the Company and its business and operations;
   (d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;
   (e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15. On July 27, 2017, the Company filed a Form 10-Q for the quarter ended July 1, 2017 (the "2Q 2017 10-Q") with the SEC, which provided the Company's second quarter 2017 financial results and position. The 2Q 2017 10-Q stated that the Company's disclosure controls and procedures were effective as of July 1, 2017, and that "[t]here were no changes to our internal control over financial reporting (as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act) that occurred during the quarter ended July 1, 2017 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 2Q 2017 10-Q was signed by Defendant Swan. The 2Q 2017 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Krzanich and Swan attesting to the accuracy of financial reporting, the disclosure of

Class Action Complaint for Violation of the Federal Securities Laws

any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

16. The 2Q 2017 10-Q discussed Intel's microprocessor and chipset, stating in pertinent part:

> We offer platforms that incorporate various components and technologies, including a microprocessor and chipset, a stand-alone System-on-Chip, or a multichip package.

17. On October 26, 2017, the Company filed a Form 10-Q for the quarter ended September 30, 2017 (the "3Q 2017 10-Q") with the SEC, which provided the Company's third quarter 2017 financial results and position. The 3Q 2017 10-Q stated that the Company's disclosure controls and procedures were effective as of September 30, 2017, and that "[t]here were no changes to our internal control over financial reporting (as defined in Rules 13a-15(f) and 15d-15(f) under the Exchange Act) that occurred during the quarter ended September 30, 2017 that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting." The 3Q 2017 10-Q was signed by Defendant Swan. The 3Q 2017 10-Q contained signed SOX certifications by Defendants Krzanich and Swan attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18. The 3Q 2017 10-Q discussed Intel's microprocessor and chipset, stating in pertinent part:

> We offer platforms that incorporate various components and technologies, including a microprocessor and chipset, a stand-alone System-on-Chip, or a multichip package.

Class Action Complaint for Violation of the Federal Securities Laws

19.     The statements referenced in ¶¶15-18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) there is a fundamental design flaw in Intel's processor chips as they contain a feature that makes them vulnerable to hacking; (2) updates to fix the problems in Intel's processor chips could cause Intel chips to operate 5-30 percent more slowly; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

## The Truth Emerges

20.     On January 2, 2018, during aftermarket hours, *The Register* published an article titled, "Kernel-memory-leaking Intel processor design flaw forces Linux, Windows redesign," stating that there is a "fundamental design flaw in Intel's processor chips" and updates to fix the problems could cause Intel chips to operate 5-30 percent more slowly, stating in pertinent part:

> **Kernel-memory-leaking Intel processor design flaw forces Linux, Windows redesign**
>
> **Speed hits loom, other OSes need fixes**
>
> By John Leyden and Chris Williams 2 Jan 2018 at 19:29
>
> **Final update** A fundamental design flaw in Intel's processor chips has forced a significant redesign of the Linux and Windows kernels to defang the chip-level security bug.
>
> Programmers are scrambling to overhaul the open-source Linux kernel's virtual memory system. Meanwhile, Microsoft is expected to publicly introduce the necessary changes to its Windows operating system in an upcoming Patch Tuesday: these changes were seeded to

beta testers running fast-ring Windows Insider builds in November and December.

Crucially, these updates to both Linux and Windows will incur a performance hit on Intel products. The effects are still being benchmarked, however we're looking at a ballpark figure of five to 30 per cent slow down, depending on the task and the processor model. More recent Intel chips have features – such as PCID – to reduce the performance hit. Your mileage may vary.

\*        \*        \*

**Impact**

It is understood the bug is present in modern Intel processors produced in the past decade. It allows normal user programs – from database applications to JavaScript in web browsers – to discern to some extent the layout or contents of protected kernel memory areas.

\*        \*        \*

These KPTI patches move the kernel into a completely separate address space, so it's not just invisible to a running process, it's not even there at all. Really, this shouldn't be needed, but clearly there is a flaw in Intel's silicon that allows kernel access protections to be bypassed in some way.

The downside to this separation is that it is relatively expensive, time wise, to keep switching between two separate address spaces for every system call and for every interrupt from the hardware. These context switches do not happen instantly, and they force the processor to dump cached data and reload information from memory. This increases the kernel's overhead, and slows down the computer.

Your Intel-powered machine will run slower as a result.

21.    On January 3, 2018, Intel published an article on its website titled, "Intel Responds to Security Research Findings," confirming that its chips contain a feature that makes them vulnerable to hacking, stating in pertinent part:

**Intel Responds to Security Research Findings**

January 3, 2018

Intel and other technology companies have been made aware of new security research describing software analysis methods that, when used for malicious purposes, have the potential to improperly gather sensitive data from computing devices that are operating as designed.

22. On January 3, 2018, *Reuters* published an article titled, "Security flaws put virtually all phones, computers at risk," stating that Intel's CEO, Defendant Krzanich, said "Google researchers told Intel of the flaws 'a while ago,'" stating in pertinent part:

#CYBER RISK JANUARY 3, 2018 / 10:31 AM

**Security flaws put virtually all phones, computers at risk**

FRANKFURT/SAN FRANCISCO (Reuters) - Security researchers on Wednesday disclosed a set of security flaws that they said could let hackers steal sensitive information from nearly every modern computing device containing chips from Intel Corp, Advanced Micro Devices Inc and ARM Holdings.

One of the bugs is specific to Intel but another affects laptops, desktop computers, smartphones, tablets and internet servers alike. Intel and ARM insisted that the issue was not a design flaw, but it will require users to download a patch and update their operating system to fix.

"Phones, PCs, everything are going to have some impact, but it'll vary from product to product," Intel CEO Brian Krzanich said in an interview with CNBC Wednesday afternoon.

Researchers with Alphabet Inc's Google Project Zero, in conjunction with academic and industry researchers from several countries, discovered two flaws.

> The first, called Meltdown, affects Intel chips and lets hackers bypass the hardware barrier between applications run by users and the computer's memory, potentially letting hackers read a computer's memory and steal passwords. The second, called Spectre, affects chips from Intel, AMD and ARM and lets hackers potentially trick otherwise error-free applications into giving up secret information.
>
> *     *     *
>
> **Speaking on CNBC, Intel's Krzanich said Google researchers told Intel of the flaws "a while ago" and that Intel had been testing fixes that device makers who use its chips will push out next week. Before the problems became public, Google on its blog said Intel and others planned to disclose the issues on Jan. 9. Google said it informed the affected companies about the "Spectre" flaw on June 1, 2017 and reported the "Meltdown" flaw after the first flaw but before July 28, 2017.**
>
> The flaws were first reported by tech publication The Register. It also reported that the updates to fix the problems could causes Intel chips to operate 5 percent to 30 percent more slowly. (bit.ly/2CsRxkj)

[Emphasis added].

23. On this news, shares of Intel fell $1.59 per share, or over 3.5%, from its previous closing price to close at $45.26 per share on January 3, 2018, damaging investors.

24. Then, on January 4, 2018, news outlets reported that Intel's CEO, Defendant Krzanich, sold millions of dollars worth of shares after Intel was informed of vulnerabilities in its semiconductors but before it was publicly disclosed. Defendant Krzanich sold about half his stock months after he learned about critical flaws in billions of Intel's microchips, but before it was publicly disclosed, and now holds only the minimum number of shares he's required to own.

25. On this news, shares of Intel fell $0.83 per share from its previous closing price to close at $44.43 per share on January 4, 2018, damaging investors.

26. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Intel during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Intel securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;
- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- whether the prices of Intel securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

Class Action Complaint for Violation of the Federal Securities Laws

33. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Intel securities are traded in efficient markets;
- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NASDAQ, and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased and/or sold Intel securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

34. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

35. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

Class Action Complaint for Violation of the Federal Securities Laws

## COUNT I

## Violation of Section 10(b) of The Exchange Act and Rule 10b-5
## Against All Defendants

36. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

37. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

38. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

39. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Intel securities during the Class Period.

40. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or

dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

41.     Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

42.     As a result of the foregoing, the market price of Intel securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Intel securities during the Class Period in purchasing Intel securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

43.     Had Plaintiff and the other members of the Class been aware that the market price of Intel securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased Intel securities at the artificially inflated prices that they did, or at all.

44.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

45. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Intel securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

48. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

49. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the

Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Intel securities.

50. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

51. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Class Action Complaint for Violation of the Federal Securities Laws

| | |
|---|---|
| Dated: January 10, 2018 | Respectfully submitted, |
| | **THE ROSEN LAW FIRM, P.A.** |
| | By: /s/ Laurence M. Rosen |
| | Laurence M. Rosen, Esq. (SBN 219683) |
| | 355 S. Grand Avenue, Suite 2450 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 785-2610 |
| | Facsimile: (213) 226-4684 |
| | Email: lrosen@rosenlegal.com |
| | Counsel for Plaintiff |

Class Action Complaint for Violation of the Federal Securities Laws